IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Daniel Bice, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   3:15-cv-50048 |
| Simm Associates, Inc. a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Daniel Bice, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Daniel Bice ("Bice"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that was allegedly owed for a student loan, despite the fact that he had exercised his right, pursuant to the FDCPA, to be represented by the attorneys at the Student Loan Protection Program ("SLPP"), located in Chicago, Illinois.

4. Defendant, Simm Associates, Inc. ("Simm"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Simm operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Simm was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Simm is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Simm conducts extensive and substantial business in Illinois.

6. Defendant Simm is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Simm acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Bice fell behind on paying his bills, including a debt he allegedly owed for a student loan. Defendant Simm thereafter began trying to collect this delinquent debt from Mr. Bice by sending him a collection letter, dated December 8, 2014. A copy of this letter is attached as Exhibit C.

8. This letter caused Mr. Bice to seek the assistance of the attorneys at SLPP, regarding his financial difficulties and Defendant's collection actions. Accordingly, via letter, dated December 18, 2014, Mr. Bice's attorney informed

Defendant, in writing, that Mr. Bice was represented by counsel, and directed Simm to cease contacting him, and to direct all further collection activities to his attorney, because Mr. Bice was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant communicated directly with Mr. Bice, via telephone calls on December 23, 2014 and December 26, 2014, from phone number 866-572-5696, regarding payment of the student loan.

10. Accordingly, on January 9, 2015, one of Mr. Bice's attorneys had to write to Defendant once again to demand that it cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant Simm's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Simm's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications, see, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Bice's attorney/agent, told Defendant to cease

3

communications with Mr. Bice (Exhibit D).  By continuing to communicate regarding the debt and demanding payment from Mr. Bice, Defendant Simm violated § 1692c(c) of the FDCPA.

16.     Defendant Simm's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Simm knew that Mr. Bice was represented by counsel in connection with his debts because his attorneys at SLPP had informed Defendant Simm, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant to cease directly communicating with him.  By directly calling Mr. Bice, despite being advised that he was represented by counsel, Defendant Simm violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Simm's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Daniel Bice, prays that this Court:

1. Find that Defendant Simm's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Mr. Bice and against Defendant Simm, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Bice, demands trial by jury.

                              Daniel Bice,

                              By: /s/ David J. Philipps
                              One of Plaintiff's Attorneys

Dated: February 24, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com